On writ of certiorari (339 U. S. 977) to review a judgment of the Court of Claims holding that on the evidence adduced and in the circumstances the casualty which befell plaintiff’s vessel while chartered to the United States was not the consequence of a warlike operation and that the Government, under the terms of the charter and the applicable decisions, was not under any contractual liability to compensate the plaintiff for the loss incurred.
The decision of the Court of Claims was affirmed by the Supreme Court November 27, 1950, in an opinion by Mr. Justice Black, as follows:
This is a companion case to Standard Oil Company of New Jersey v. United States, 340 U. S. 54, decided this day. Here, as there, the Government insured petitioner’s ship against war risks including “all consequences of hostilities or warlike operations.” The ordinary marine risks were covered by a Lloyd’s policy. The vessel, United States Army Transport David W. Branch, stranded on January 13, 1942, when an inexperienced helmsman made a mistake in steering. The Government admits that the Branch was engaged in warlike operation of transporting military supplies and personnel between war bases, but denies that the warlike phases of the operation caused the stranding. The Court of Claims found as a fact that there was no causal connection between the “warlike operation” and the stranding, and accordingly gave judgment for the United States. Petitioner’s contentions for reversal here are substantially the same as those advanced in Standard Oil of New Jersey v. United States, supra. The reasons given for our holding there require affirmance in this case.
Mr. Justice Douglas dissented for the reasons set forth in his dissent in Standard Oil Company of New Jersey v. The United States, supra.
Mr. Justice Frankfurter, joined by Mr. Justice Jackson, filed a dissenting opinion.
Rehearing denied January 8, 1951.